■ In the Matter of the Claim of FRANK KORYS, Respondent, v. J. H. WILLIAMS & COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. For many years claimant was exposed in the employer's plant to harmful high-level noise; and in the course of his employment suffered a loss of hearing. On March 27, 1958 he left the employment; and a series of audiometric tests disclosed that on October 6, 1958 he suffered a 27% and 28% permanent loss of hearing in the left and right ears respectively. There is medical proof that this disablement was due to the employment and existed at the time claimant left the employment on March 27, 1958. A series of tests was necessary after exposure to noise terminated, to determine the extent of the hearing loss. Thus the record based on the subsequent tests and the opinion of medical witnesses clearly demonstrates that the occupational disease was disabling when claimant left employment on March 27; and this was the date of disablement found by the board. Appellants argue that "the date of disablement is October 6, 1958 when the loss of hearing became permanent". It is obvious

the loss of hearing did not "become permanent" then; rather this is merely a date when medical witnesses could be certain of the extent of permanent impairment that existed while claimant was exposed to noise and at the time he left employment. Nothing made the disease permanent in October. The significance of the October date is that the tests showing its earlier permanency were merely completed at that time. If it required a week to make laboratory tests to demonstrate an infectious disease, it could scarcely be said that the disease did not exist until the tests were finished. The additional point made by appellants that claimant contracted the disease many years before October 6, 1958 and was "not employed" on that date and hence was barred by section 40 of the Workmen's Compensation Law is wholly without substance. Here claimant continued in the "same employment with the same employer" and meets the specific exception provided by that section. Award unanimously affirmed, with costs to the Workmen's Compensation Board.